**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROLINE CHELENZA<br>21 Teal Drive<br>Langhorne, PA 19047<br><br>Plaintiff,<br><br>v.<br><br>EVERSANA LIFE SCIENCE SERVICES, LLC d/b/a EVERSANA<br>205 N. Michigan Avenue, Suite 3200<br>Chicago, IL 60601<br><br>Defendant. | CIVIL ACTION<br><br>No.:______________________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Caroline Chelenza ("Plaintiff") against Eversana Life Science Services, LLC d/b/a Eversana ("Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" – 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff's PHRA claims, however, will mirror identically her federal claims under the ADA.

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly laid in this district because the events and/or omissions that give rise to the claims occurred in this venue.

5. Plaintiff is proceeding herein under the ADA, after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a Notice of Right to Sue.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a global commercial services provider for the life science industry, offering integrated platform solutions during pharmaceutical lifecycles.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 68-year-old woman.

12. Plaintiff applied for the position of Solutions Consultant with Defendant; and in or about mid-November of 2025, Plaintiff: (1) was offered the position; and (2) signed as accepting the job offer.

13. The role of Solutions Consultant was completely remote, and Plaintiff would have physically worked in Langhorne, Pennsylvania (within Bucks County).

14. Plaintiff is exceptionally experienced and was highly qualified for the role which offered a 6-figure salary (and other substantial benefits and incentives or bonuses).

15. Plaintiff's anticipated start date was **January 1, 2026**, as set forth by Defendant.

16. Plaintiff would have reported to Ryan LaValva ("LaValva" – General Manager, Sales Operations & Omnichannel).

17. In or about December 2025 and prior to Plaintiff's expected start of employment with Defendant, an unexpected series of medical and life-threatening incidents occurred. In summary, the following occurred:

a. Plaintiff underwent foot surgery on or about December 11, 2025;
b. Plaintiff suffered a bilateral pulmonary embolism and went into cardiac arrest between December 20 – December 21, 2025;
c. Plaintiff's conditions were so serious that she had clinically died during cardiac arrest for a lengthy period of time before being resuscitated;

d. Leading up to, during, and after undergoing cardiac arrest and during resuscitation, Plaintiff suffered severe back and neck injuries; and

e. As a result of the foregoing, Plaintiff has long-term and/or permanent health complications (not all specified herein).

18. Between December 31, 2025 – January 3, 2026, Plaintiff was sent and had received Defendant's property and equipment to commence working, as the role for which she was hired was 100% remote.

19. Plaintiff was *extremely* communicative and provided regular updates via email and text message to her management (including LaValva) about her health status, the seriousness of her disabilities (including back and neck injuries), ***and that she would need to delay her start date for a medical leave of absence*** (which is a reasonable accommodation under the ADA).[2]

20. For example, Plaintiff texted LaValva on or about December 23, 2025 (before she was even set to begin working for Defendant) to inform him about her medical emergency.

21. When Plaintiff was unable to provide some updates herself due to her disabilities and medical treatments at various timeframes, her husband would communicate with LaValva on

---

[2] The ADA (and PHRA) does not distinguish between new employees or long-term employees - - as an "accommodation" once an employee is hired is an "accommodation." Medical leaves are one of the most common forms of medical accommodations under any anti-discrimination laws. *See e.g. Daniel v. T-Mobile USA, Inc.*, 2019 U.S. Dist. LEXIS 80003, at *36 (E.D. Pa. 2019)(explaining medical leave is often a "reasonable accommodation" under the ADA and explaining that even up to a 6-month medical leave can be a reasonable accommodation); *Shannon v. City of Phila.*, 1999 U.S. Dist. LEXIS 18089, at *22 (E.D. Pa. 1999)(denying summary judgment and explaining a medical leave for 3-6 months of time is often a "reasonable accommodation"); *Blanchet v. Charter Communs., LLC*, 27 F.4th 1221, 1230 (6th Cir. 2022)(reversing district court's grant of summary judgment, explaining lengthy medical leaves are not novel concepts as a "medical accommodation," and a reasonable jury could conclude the failure of an employer to meaningfully interact with an employee in the midst of an 8-month medical-leave accommodation prior to termination failed to accommodate); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999)(reversing district court's grant of summary judgment and explaining it is a factual question whether the need for a projected extension of 1-2 months to an existing 7-month medical leave was a reasonable accommodation for a jury); *Daniel v. T-Mobile USA, Inc.*, 2019 U.S. Dist. LEXIS 80003, at *2 (E.D. Pa. 2019)(even a one-year medical leave can be a reasonable accommodation).

her behalf. LaValva and Plaintiff's husband communicated regularly via text message throughout the end of December 2025 and early January 2026.

22. On or about January 23, 2026, when Plaintiff provided an update on her health to LaValva, he asked Plaintiff to call Joan Oldham ("Oldham" – People Director) to let her know what was going in with Plaintiff's health and requests for accommodations as well.

23. Plaintiff was unable to physically speak at this point in her recovery, so Plaintiff's husband called Oldham and provided her with an update.

24. Oldham requested continued updates on Plaintiff's condition.

25. As requested, Plaintiff frequently updated Oldham about her medical needs and disabilities.

26. As Plaintiff attended medical appointments, she emailed and/or texted LaValva and Oldham to update them on her disabilities and timeline of when she may be cleared to begin work.

27. Plaintiff was literally doing everything she could to communicate effectively with management and ensure she could begin her job with Defendant.

28. In total, Plaintiff only needed an approximate 4-month medical leave (or delayed start, depending upon characterization).

29. Plaintiff was able to medically work as of early May 2026, a fact of which LaValva and Oldham were well aware as Plaintiff texted both of them in or about March 2026 that her doctor advised her to take off two (2) more months from work.

30. On or about May 13, 2026, Plaintiff sent an email to Oldham, copying LaValva letting them know she intended to commence work, but Plaintiff did not receive any responses.

31. Plaintiff continued to call, text, and/or email Oldham and LaValva to determine: (1) if she could still commence working; (2) if her job was available; and (3) if she could be updated on her status as an employee.

32. Plaintiff was not being updated and nobody was communicating with her about whether she was being treated on medical leave or even the latest she could postpone her start date.

33. Plaintiff was hired, was sent company equipment, was an "employee," and was offered no interactive process whatsoever. ***Oldham didn't do her job effectively, and she entirely dropped the ball on informing Plaintiff of anything.***

34. After being completely ignored by Oldham for many weeks (after additional attempts to return) trying to understand her employment status or if she can still commence work in May of 2026, Plaintiff emailed and texted LaValva on or about May 20, 2026 as follows:

> I hope you are well. In December I received the computer equipment from Eversana. I had a very long recovery from an unexpected, life threatening medical emergency due to foot surgery in December. I have called/emailed/texted Joan Oldham to let her know that I am looking to return to work and I did not get a response from her.
>
> I am looking forward to my position at Eversana. Please let me know if I can continue with the Solutions Consultant role. Feel free to contact me at 267-254-3800 or suggest a time I can call you.

35. LaValva never responded to Plaintiff's aforementioned email or text.

36. Plaintiff was medically able to work as of early May of 2026 (in a remote role), but Defendant was refusing to update her, communicate with her, and *never once provided her the statutory benefit of an interactive process* (a federal requirement by virtue of her having been hired).

37. In fact, communication with Plaintiff was so non-existent, she was even left with company property as if she was being treated on leave (and never asked to return same).

38. Plaintiff had been hired for a role ***that was redundant*** and used all over the United States by Defendant (making it much more reasonable to hold such a role open until she could commence working).

39. While Plaintiff was attempting to get any information, the courtesy of an update or response, or the ability to understand if she could commence (albeit many months later due to a series of medical emergencies), the role of "Solutions Consultant" was re-posted for hiring again **<u>in mid-May of 2026</u>**.

40. Based upon such new postings, Plaintiff informed LaValva and Oldham she wanted to be hired and, on or about May 20, 2026, even submitted a request for the role in writing to Emily Chin ("Chin") the same recruiter who hired her the first time.

41. Plaintiff also formally applied for the new posting of the same job for which she was previously hired.

42. After months of no communication, Plaintiff was finally able to talk with Oldham on or about May 22, 2026, via phone.

43. Plaintiff was really taken aback by the telephone call, as Oldham: (1) told Plaintiff she was no longer being considered to resume working for the job she was originally hired within because the position had since been filled; **<u>and</u>** (2) she would not be considered for the new job opening or new job posting because <u>even though</u> it was ***the same job title and duties specified (and to work under the same management, LaValva)***, Defendant was now looking for someone with a little more "commercial experience." This of course made no sense, as Plaintiff had extensive commercial experience and was viewed as a top candidate to support LaValva pre-health disclosures and medical-leave needs.

44. In summary, because of Plaintiff's actual or perceived disabilities and need for accommodation(s), Plaintiff (1) was not given an interactive process; (2) didn't have her original job held as an accommodation; and (3) was not hired for an identical or near-identical job in mid-May of 2026.

**COUNT I**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

47. Plaintiff kept Defendant's management and HR informed of her serious medical conditions and need for medical treatment and accommodations.

48. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to begin and perform her job with Defendant; however, Plaintiff required some reasonable medical accommodations before her start date.

49. Plaintiff requested reasonable accommodations from Defendant including but not limited to delaying her start date to recover and treat her serious medical conditions.

50. Plaintiff was not afforded an interactive process, didn't have her original job held as an accommodation, and was not hired for an identical or near-identical job in mid-May of 2026.

51. Plaintiff believes and therefore avers that she was subjected to discrimination and retaliation because of (1) her known and/or perceived disabilities; (2) her record of impairment;

(3) her requested accommodations (discussed *supra*); and (4) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

52. Plaintiff also believes and therefore avers that her disabilities and requests for accommodations were motivating and/or determinative factors in Defendant's decision to not permit her to begin working for Defendant (despite having been hired for the position) and to not hire her for the same exact position for which she was already hired.

53. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination or retaliation at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 25, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Caroline Chelenza | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Eversana Life Science Services, LLC d/b/a Eversana | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 8/25/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:________________ Judge:____________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:________________

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):____________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHELENZA, CAROLINE

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

EVERSANA LIFE SCIENCE SERVICES, LLC D/B/A EVERSANA

County of Residence of First Listed Defendant: Cook
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**: ADA (42USC12101)

Brief description of cause: Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 8/25/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______